[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13505
Non-Argument Calendar
_____

Agency No. A087-996-713

PHYU ZIN WAI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 11, 2013)

Before HULL, JORDAN, and EDMONDSON , Circuit Judges.

PER CURIAM:

Phyu Zin Wai, a native and citizen of Burma, seeks review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of her application for asylum, pursuant to the Immigration and Nationality Act ("INA") § 208(a), 8 U.S.C. § 1158(a), withholding of removal, under the INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and withholding of removal under the United Nations Convention Against Torture ("CAT"), 8 C.F.R. § 208.16(c).  On review, Wai argues that the record compels a finding that she is eligible for asylum because she has demonstrated past persecution and a well-founded fear of future persecution based on political opinion.  She argues that she suffered past persecution by Burmese military authorities when she was arrested, detained, interrogated, sexually assaulted, and subjected to surprise household inspections in connection with her anti-government activities.  Wai also argues that she has a well-founded fear of future persecution because the Burmese military authorities seek Wai's return to Burma, and continue to threaten and extort her family for money.

2

The government responds that we should decline to consider evidence that Wai submitted to the BIA, but not to the IJ, because such evidence is not part of the administrative record.

As an initial matter, Wai raises no argument on appeal that the BIA erred in finding that, on appeal to the BIA, she had waived her claims for withholding of removal and CAT relief by not appealing those claims. Accordingly, she has abandoned any argument in this respect. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (when an appellant fails to offer argument on an issue, that issue is abandoned). Also, even though Wai indicated before the IJ that she claimed asylum based on membership in a social group, she has abandoned any claim in this regard because she failed to raise any such argument on review before this Court. *See id.*

"When the BIA issues a decision, we review only that decision, except to the extent the BIA expressly adopts the IJ's decision." *Lopez v. U.S. Att'y Gen.*, 504 F.3d 1341, 1344 (11th Cir. 2007) . Here, the BIA did not adopt the IJ's decision, so we review only the BIA's decision. We are restrained in our powers of review. Factual determinations are reviewed under the highly deferential substantial-evidence test, which requires us to "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of

3

that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (*en banc*). "We must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (quotation omitted). We review the BIA's legal determinations *de novo*. *Mejia v. U.S. Att'y Gen.*, 498 F.3d 1253, 1256 (11th Cir. 2007).

The BIA's scope of review is limited and, "[e]xcept for taking administrative notice of commonly known facts such as current events or the contents of official documents, the [BIA] will not engage in factfinding in the course of deciding appeals." *See* 8 C.F.R. § 1003.1(d)(3)(iv); *Matter of Fedorenko*, 19 I&N Dec. 57, 74 (BIA 1984) ("[A]ll evidence which is pertinent to determinations made during deportation proceedings . . . must be adduced in the hearing before the immigration judge."). A party seeking to introduce further evidence to the BIA, which would require additional findings of fact, must file a motion requesting the BIA to remand the case to an IJ. 8 C.F.R. § 1003.1(d)(3)(iv).

An alien who arrives in or is present in the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General or Secretary of DHS has discretion to grant asylum if the alien meets the INA's definition of a "refugee." INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A). A

4

"refugee" is a person unable or unwilling to return to her country of nationality "because of persecution or a well-founded fear of persecution on account of" a protected ground, including political opinion.  INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).  The asylum applicant carries the burden of proving statutory "refugee" status.  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).

We stress that, under the law, persecution is an "extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." *Sepulveda*, 401 F.3d at 1231 (quotations and brackets omitted).  We have further indicated that, under certain circumstances, detention may rise to the level of persecution, but that a detention lasting for five days, during which the alien was not harmed, did not compel a finding of past persecution.  *Zheng v. U.S. Att'y Gen.*, 451 F.3d 1287, 1290-91 (11th Cir. 2006) (concluding that no persecution occurred where the alien was arrested, detained, and forced to watch anti-Falun Gong reeducation videos, dragged outside to stand for two hours in the sun, and forced to pledge that he would not practice Falun Gong).  Moreover, state officials watching and occasionally searching a person's home constitute "mere harassment," rather than persecution.  *See id.* at 1291.

5

To establish a well-founded fear of future persecution, the asylum applicant must show that a "reasonable possibility" exists that she will suffer persecution if she returns to her home country. *Mejia*, 498 F.3d at 1256. The fear of persecution must be "subjectively genuine and objectively reasonable." *Al Najjar*, 257 F.3d at 1289. "The subjective component is generally satisfied by the applicant's credible testimony that he or she genuinely fears persecution[,]" and "[i]n most cases, the objective prong can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution." *Id.* (quotation omitted). The alien must show a nexus between a statutorily protected ground and the feared persecution, which she can do by presenting "specific, detailed facts showing a good reason to fear that he or she will be *singled out* for persecution on account of [the statutorily protected factor]." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005) (emphasis added) (quotation omitted).

The government is correct that, although Wai -- throughout her brief here on review -- cites to the evidence that she submitted only to the BIA, we may not consider this evidence. The BIA did not (and lacked authority to) render factual findings based on these documents. *See* 8 C.F.R. § 1003.1(d)(3)(iv). Therefore, we decline to consider this evidence on review. *See Lopez*, 504 F.3d at 1344.

6

Substantial evidence supports the BIA's denial of Wai's application for asylum because Wai did not suffer past persecution and did not establish a well-founded fear of future persecution.  As a result of Wai's 2008 attempt to donate supplies to survivors of a cyclone, she was detained, interrogated, and assaulted by one soldier who touched her body in a sexual way but who stopped when asked.   But this treatment, which lasted for only one day and did not result in significant physical harm to Wai, did not rise to the level of persecution.  *See Zheng*, 451 F.3d at 1289-91 (holding that a detention of five days, where the alien was not harmed, did not compel a finding of persecution).  Besides, Wai has not shown that she was detained because of her political opinions:  she told Burmese authorities that she was delivering supplies as a humanitarian act (not as a political act) and the authorities released her after only one day, with a warning not to return to that area of Burma.

When Wai was released from detention, government officials came to her home regularly and extorted money from her family.  The visits alone, however, were not persecution, but, at most, "merely harassment," especially given that authorities had regularly visited Wai's home to check the family's registration card before Wai's detention.  *See id.* at 1291.  Evidence also showed that Burmese police regularly extorted money from citizens.   When Wai distributed anti-

7

government pamphlets in 2010, she was not persecuted because she was never detained; and it is speculative that the authorities knew that she had participated in the activity.

About fear of future persecution, Wai has demonstrated a subjectively genuine fear of future persecution based on her credible testimony that she genuinely fears persecution if she were removed to Burma. *See Al Najjar*, 257 F.3d at 1289. She has not, however, established an objectively reasonable fear of persecution. Although the government authorities visited her parents' house and asked about her, no evidence indicates that the Burmese government seeks to detain or torture her upon her return to Burma. It appears that her family has remained in Burma unharmed. *See Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1259 (11th Cir. 2006) (indicating that a claim of well-founded fear of future persecution is undercut when the alien has family living in the country without incident). Moreover, Wai was never detained as a result of distributing pamphlets in 2010, and Wai only believes that her friend, who was detained by Burmese authorities, provided the authorities with her name.

Upon review of the entire record, and after consideration of the parties' briefs, Wai has failed to carry her burden.

**PETITION DENIED.**